IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | |
|---|---|
| JOHNNY LEE REED, # 31011-077, § | |
| § | |
| Petitioner, § | |
| § | |
| vs. § | Civil Action No. 3:06-CV-0083-L |
| § | |
| DAN JOSLIN, Warden, § | |
| § | |
| Respondent. § | |

## MEMORANDUM OPINION AND ORDER

Petitioner Johnny Lee Reed ("Petitioner") has filed a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2241.[1] Pursuant to 28 U.S.C. § 636(b), and an order of the court in implementation thereof, this action was referred to the United States magistrate judge for proposed findings, conclusions and recommendation. On February 28, 2006, the Findings, Conclusions and Recommendation of the United States magistrate judge were filed, to which Petitioner filed objections.

The magistrate judge found that Petitioner's petition for writ of habeas corpus brought under 28 U.S.C. § 2241 should be dismissed for want of jurisdiction, as Petitioner had failed to satisfy the "savings clause" of § 2255, under which a federal prisoner may bring a § 2241 petition to challenge the legality of his conviction or sentence only if he can show that the "§ 2255 remedy is inadequate or ineffective." *See* Report at 3 (citing *Padilla v. United States*, 416 F.3d 424, 425-26 (5th Cir.

---

[1] Petitioner is a federal inmate currently serving a 210-month sentence after pleading guilty to possession with intent to distribute crack cocaine in violation of 21 U.S.C. § 841(a)(1), and aiding and abetting in violation of 18 U.S.C. § 2. *See United States v. Johnny Lee Reed*, 7:97-CR-0018-X(01). Prior to filing the instant petition, Petitioner filed a motion to vacate sentence pursuant to 28 U.S.C. § 2255. The district court denied his § 2255 motion, *see Reed v. United States*, 7:99-CV-0245 (N.D. Tex., Wichita Falls Div., Dec. 8, 1999), and the Fifth Circuit subsequently denied his request for a certificate of appealability.

**Memorandum Opinion and Order – Page 1**

2005)). Finding that Petitioner's § 2241 petition was a challenge to the enhancement of his sentence under *United States v. Booker*, 534 U.S. 220 (2005), and not to the underlying conviction, the magistrate concluded that Petitioner had not satisfied the "savings clause." *See id.* at 4 (citing *Padilla*, 416 F.3d at 426) (holding that claim challenging validity of sentence under *Blakely* and *Booker* does not fall within § 2255 savings clause). With regard to Petitioner's assertion that his inability to meet the second or successive requirements for filing another § 2255 petition under the Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA")[2] satisfied the savings clause, the magistrate judge concluded that this argument similarly should be rejected, since a "prior unsuccessful § 2255 motion, or the inability to meet AEDPA's 'second or successive' requirement, does not make § 2255 inadequate or ineffective." *Id.* (quoting *Tolliver v. Dobre*, 211 F.3d 876, 878 (5th Cir. 2000)).

In his objections, Petitioner challenges the magistrate judge's finding that he did not satisfy § 2255's savings clause, arguing that his sentence was enhanced by the sentencing judge in violation of the Sixth Amendment, since he never pled guilty to the facts leading to the enhancement and a jury never found him guilty beyond a reasonable doubt as to those facts the judge used to enhance his sentence. *See* Objections at 3 ("The trial court in this case thus violated the Sixth Amendment by convicting petitioner of a greater offense than the one covered by his guilty plea; this court has jurisdiction to correct its mistakes in the ends of justice."). Having carefully considered Petitioner's Objections, the court determines that they should be overruled. A collateral attack on a sentence is normally limited to § 2255. A petitioner may challenge his sentence under § 2241 where he can satisfy the "savings clause" of § 2255, and demonstrate that his § 2255 remedy is "inadequate or

---

[2]*See* AEDPA, Pub. L. 104-132, 110 Stat. 1214 (1996), codified at 28 U.S.C. § 2254(d).

**Memorandum Opinion and Order – Page 2**

ineffective." *See Padilla*, 416 F.3d at 426.  As the magistrate judge correctly found, Petitioner has not shown that his § 2255 remedy is "inadequate or ineffective." *See supra*.  Moreover, nothing in Petitioner's Objections leads this court to conclude otherwise.  Petitioner's Objections further confirm to this court that Petitioner's § 2241 petition is an improper attempt to circumvent the limitations on filing successive § 2255 motion.

In short, having carefully considered the magistrate judge's findings and conclusions, Petitioner's objections, the record and the applicable law, the court determines that magistrate judge's findings are correct, and accordingly **accepts** them as those of the court.  Petitioner's objections are **overruled**.  As Petitioner has failed to satisfy the "savings clause" of § 2255, the court dismisses Petitioner's § 2241 petition without prejudice for lack of jurisdiction.

Final judgment will issue by separate document.

**It is so ordered** this 16th day of March, 2006.

*Sam A. Lindsay*
Sam A. Lindsay
United States District Judge

**Memorandum Opinion and Order – Page 3**